**Robert WHITE, Petitioner,**

v.

**Mr. W. WOODROFF, Superintendent, Correctional Unit, Commonwealth Attorney, Henry County, Respondent.**

**Civ. A. No. 74–C–16–D.**

United States District Court,
W. D. Virginia,
Danville Division.

June 21, 1974.

James W. Hooper, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

In this Civil Rights action Robert White requests this court to issue an injunction prohibiting the defendants from continuing to prevent him from communicating with his wife and children by refusing to allow him to tele-

---

phone or mail letters to them. Mr. White alleges that the defendant's actions deny him rights protected by the First and Fourteenth Amendments to the U. S. Constitution.

In February, 1974, R. M. Oliver, Director, Division of Corrections, received telephone calls from the Commonwealth Attorney for Henry County and from the Judge of Henry County Circuit Court, requesting that the plaintiff not be permitted to communicate with either his wife or his two children. Plaintiff had been convicted in the Henry County Circuit Court for maliciously wounding his wife and sentenced to fifteen years in prison. His wife had informed the Commonwealth's Attorney and the Judge that she and the children had received threatening letters from her husband, which quite naturally caused them great concern since the wife had been crippled as a result of the malicious wounding. In addition, Mrs. White advised that while attending elementary school the children had received a telephone call from their father, which had a very adverse effect upon them. Additionally, during an investigation conducted in order to inquire into the plaintiff's future parole possibilities, Mrs. White informed the investigating officer that she had received threats from her husband that he would "settle the score" as soon as he was released on furlough. Mrs. White requested that this information be provided to the appropriate authorities and that her husband not be allowed to return to Henry County should he be paroled.

After investigating Mrs. White's request, Mr. Oliver directed that the plaintiff be informed that he would no longer be permitted to communicate with either his wife or children. Mr. Oliver has informed the court that this directive relates only to correspondence to Mrs. White and the children and does not concern other parties with whom the plaintiff may wish to correspond.

In a recent U. S. Supreme Court decision, the court discussed the censorship of prisoner mail and noted the type of regulations which would withstand constitutional challenge. Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). The court indicated it would be entirely proper for prison authorities to censor outgoing prisoner mail which contained threats of physical harm against any person. Id. 416 U.S. at 414, n. 14 and 416 n. 15, 94 S.Ct. 1800. Therefore, this court can find nothing improper in the prison authorities' decision to prohibit plaintiff from communicating with his family. The decision was consistent with the principles enunciated in *Procunier* and falls within the realm of those matters in which prison officials must be accorded a reasonable amount of discretion. *See* McCloskey v. State of Maryland, 337 F.2d 72 (4th Cir. 1964).

Nor does the court find any merit in plaintiff's contention that the Division Guidelines explicitly sanction the type of communication in question by providing that "mail may include content that is threatening, and untrue." The directives are exactly what they purport to be—guidelines, and not absolute regulations which cover all of the varied circumstances which require resolution by prison administrators. More importantly, the Guidelines do not establish the constitutional standards which govern federal courts in the adjudication of actions pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

For the aforementioned reasons this complaint is hereby ordered dismissed.